APR 1 2026 PM12:44
FILED - USDC - FLMD - TPA

Complaint for Employment Discrimination (Pro Se)

# UNITED STATES DISTRICT COURT
## (MIDDLE DISTRICT OF FLORIDA)

CASE NO.: *8:26-CV-933-MSS-LSG*

**THOMESHA BYRD,**
Plaintiff,

v.

**WATSON CLINIC LLP,** *& Watson Clinic ASC, LLC*
Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

## I. PARTIES

1. Plaintiff, Thomesha Byrd, is a resident of Polk County, Florida and was employed by Defendant as an Accountant at 1430 Lakeland Hills Boulevard, Lakeland, FL 33805.

> 3813 Exeter Lane
> Lakeland, FL 33810
> 863-308-5009
> Tsbyrd26@gmail.com

2. Defendant, Watson Clinic LLP, is a multi-specialty medical group employing over 500 individuals.

> 1430 Lakeland Hills Boulevard
> Lakeland, FL 33805
> 863-680-7000

3. At all relevant times, Defendant acted by and through its agents, employees, managers, supervisors, human resources personnel, and/or executives, including but not limited to John Casey, Lucretia Nino, Lee Ann Brooks, Kelly Lonsberry, Jason Hirsbrunner (CEO).

4. Other individuals whose identities are currently unknown but will be identified through discovery.

## II. JURISDICTION AND VENUE

5. This action arises under:



Complaint for Employment Discrimination (Pro Se)

    a.  Title VII of the Civil Rights Act of 1964
    b.  Family and Medical Leave Act

6. This Court has supplemental jurisdiction over related state law claims, including but not limited to:
    a.  Florida Civil Rights Act (discrimination, retaliation, hostile work environment)
    b.  Negligent retention
    c.  Negligent supervision
    d.  Any additional claims supported by facts revealed in discovery

7. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367.

8. Venue is proper in this District.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff filed an EEOC Charge on or about September 25, 2024.
10. Defendant was notified on or about October 1, 2024.
11. Plaintiff received a Right-to-Sue dated January 6, 2026 and files this action timely.
12. All conditions precedent have been satisfied, waived, or are otherwise met.

## IV. STATEMENT OF CLAIMS

13. Plaintiff was subjected to discrimination, retaliation, interference with protected leave rights, and unequal terms and conditions of employment.
14. The unlawful conduct includes, but is not limited to:
    a.  Retaliation following protected complaints
    b.  Unequal treatment compared to similarly situated employees
    c.  Hostile work environment
    d.  Termination of employment
    e.  Interference with and retaliation related to Plaintiff's rights under the Family and Medical Leave Act
15. The conduct occurred between approximately December 2023 and November 5, 2024.
16. Plaintiff was discriminated against based on race and sex.
17. Defendant's actions violated:
    a.  Title VII
    b.  FMLA
    c.  Florida Civil Rights Act

## V. FACTUAL ALLEGATIONS

### A. Employment Background

18. Plaintiff began employment in or about 2019.
19. Plaintiff was promoted to Accountant.
20. Plaintiff was qualified for her role and performed satisfactorily.

Complaint for Employment Discrimination (Pro Se)

21. Prior to the events described herein, Plaintiff had a history of positive performance and no pattern of disciplinary issues.

## B. Complaints of Discriminatory and Hostile Conduct

22. On or about December 28, 2023, Plaintiff complained of discriminatory and hostile conduct by her manager, John Casey.

23. On or about February 12, 2024, Plaintiff submitted a second complaint.

24. Plaintiff reported these concerns to Defendant, including executive-level personnel.

25. Upon information and belief, Defendant, through its managers, supervisors, and executives, was aware of Plaintiff's complaints and the conduct at issue.

## C. Retaliatory Actions Following Complaints

26. Shortly after engaging in protected activity, Plaintiff was subjected to adverse actions, including but not limited to:
  a. Communication restrictions imposed on or about February 19, 2024
  b. Verbal warning on or about February 20, 2024
  c. Placement on a Performance Improvement Plan on or about February 28, 2024

27. Upon information and belief, these actions were directed, influenced, approved, or ratified by Defendant's management and/or executive personnel.

28. These actions were not applied equally to similarly situated employees outside Plaintiff's protected class.

## D. Dismissal of Complaints and Continued Conduct

29. On or about February 20, 2024, during a follow-up meeting with Lucretia Nino, Plaintiff was characterized as "bitter" for reporting John Casey's behavior.

30. During that meeting, Defendant, by and through Lucretia Nino, made excuses for John Casey's conduct, including referencing his workload, and reframed the situation as if Plaintiff was the problem rather than addressing the reported behavior.

31. Plaintiff did not engage in any conduct that would reasonably justify the hostile and unprofessional behavior she reported.

32. On or about February 23, 2024, Plaintiff submitted employee comments and complaints in response to the verbal warning and prior meeting, further documenting her concerns.

33. On or about May 8, 2024, Plaintiff submitted additional complaints and provided examples of inappropriate conduct.

34. On or about May 9, 2024, Plaintiff met with Lucretia Nino and Defendant's Human Resources.

35. Plaintiff's concerns were minimized, dismissed, and/or reframed as issues with Plaintiff rather than the reported conduct.

36. On or about June 10, 2024, Plaintiff received a negative performance evaluation shortly after her May 8, 2024 complaint and May 9, 2024 meeting, further evidencing retaliatory treatment.

37. On or about June 12, 2024, Plaintiff submitted multiple communications, including:
  a. An addendum to the negative performance evaluation.
  b. A retaliation complaint.

Complaint for Employment Discrimination (Pro Se)

    c.  A formal complaint regarding ongoing discriminatory and retaliatory conduct.
    d.  A follow up to the meeting that took place on or around May 9, 2024.
38. Defendant failed to take effective remedial action.

## E. HR "Resolution" and Ineffective Remedial Measures

39. On or about June 20, 2024, Defendant issued a response characterized as a resolution. That resolution included:
    a.  Relocating Plaintiff
    b.  Modifying her schedule effective on or about July 1, 2024
    c.  Assigning a new supervisor
40. Despite this transfer, Plaintiff was still required to interact with John Casey.
41. The conduct and adverse treatment continued.

## F. Executive Awareness and Failure to Act

42. On or about August 22, 2024, Defendant's CEO acknowledged Plaintiff's concerns and apologized.
43. Upon information and belief, Defendant retained knowledge of the issues and failed to take appropriate corrective action.
44. Upon information and belief, Defendant prioritized operational and financial considerations over compliance with employment laws.

## G. Legal Activity and Escalation

45. On or about September 16, 2024, Defendant received a legal demand.
46. On or about September 19, 2024, Plaintiff requested FMLA leave.
47. On or about September 25, 2024, Plaintiff filed an EEOC charge.
48. On or about October 25, 2024, Plaintiff was informed that Defendant's counsel requested a monetary settlement demand.

## H. FMLA Activity

49. Plaintiff engaged in protected activity under FMLA.
50. Defendant was aware of Plaintiff's request and related circumstances.
50(a). Upon information and belief, Defendant interfered with, restrained, and/or denied Plaintiff's exercise of FMLA rights.

## I. Final Discipline and Pretext

51. On or about October 28, 2024, Defendant issued a corrective action, which:
    a.  Included allegations inconsistent with Plaintiff's job duties and responsibilities.
    b.  Held Plaintiff responsible for duties outside her role.
    c.  Attributed issues involving another employee to Plaintiff.
    d.  Upon information and belief, Defendant provided shifting and/or inconsistent explanations regarding Plaintiff's role and responsibilities.
    e.  Plaintiff submitted rebuttals, which were rejected.

Complaint for Employment Discrimination (Pro Se)

## J. Termination

52. On or about November 5, 2024, Defendant terminated Plaintiff's employment.
53. The termination occurred shortly after Plaintiff's protected activities, including but not limited to:
   a. Protected complaints
   b. Legal demand
   c. EEOC charge
   d. FMLA request
54. Defendant cited performance-related reasons which were false, inconsistent, and/or pretextual.

## K. Post-Termination Conduct (Negligent Retention)

55. Upon information and belief, Defendant retained John Casey after Plaintiff's termination.
56. Upon information and belief, Defendant relocated him within the organization, including to Plaintiff's former area.
57. Defendant knew or should have known of John Casey's prior conduct, including the conduct underlying Plaintiff's complaints.
58. Despite such knowledge, Defendant failed to take appropriate corrective or disciplinary action.
59. Instead, Defendant continued to employ and position John Casey in a manner that permitted ongoing misconduct.
60. Upon information and belief, Defendant knowingly retained John Casey despite his prior misconduct, prioritizing operational and financial considerations over compliance with anti-discrimination and workplace obligations.

## VI. COUNTS (PLEADED IN THE ALTERNATIVE)

## COUNT I – TITLE VII (RACE DISCRIMINATION)

61. Plaintiff repeats and incorporates all prior paragraphs.
62. Plaintiff was subjected to disparate treatment based on race.
63. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

## COUNT II – TITLE VII (RETALIATION)

64. Plaintiff engaged in protected activity.
65. Defendant took adverse action.
66. A causal connection exists between Plaintiff's protected activity and the adverse actions.

Complaint for Employment Discrimination (Pro Se)

## COUNT III – FMLA INTERFERENCE

67. Plaintiff was entitled to FMLA protections.
68. Defendant interfered with those rights.

---

## COUNT IV – FMLA RETALIATION

69. Plaintiff engaged in protected FMLA activity.
70. Defendant took adverse action.

---

## COUNT V – FCHR (DISCRIMINATION)

71. Plaintiff incorporates all prior paragraphs.
72. Plaintiff is a member of a protected class.
73. Plaintiff was qualified for her position.
74. Plaintiff was subjected to adverse employment actions, including but not limited to discipline and termination.
75. Similarly situated employees outside Plaintiff's protected class were treated more favorably.
76. Defendant's actions were motivated, at least in part, by unlawful discrimination based on race.

---

## COUNT VI – FCHR (RETALIATION)

77. Plaintiff incorporates all prior paragraphs.
78. Plaintiff engaged in protected activity by complaining of discrimination and unfair treatment.
79. Defendant was aware of Plaintiff's protected activity.
80. Defendant subjected Plaintiff to adverse employment actions.
81. A causal connection exists between Plaintiff's protected activity and the adverse actions.

---

## COUNT VII – FCHR (HOSTILE WORK ENVIRONMENT)

82. Plaintiff incorporates all prior paragraphs.
83. Plaintiff was subjected to unwelcome conduct.
84. The conduct was based on Plaintiff's protected status.
85. The conduct was severe and/or pervasive enough to alter the terms and conditions of employment.
86. Defendant knew or should have known of the conduct and failed to take prompt remedial action.

---

## COUNT VIII – NEGLIGENT RETENTION

87. Plaintiff incorporates all prior paragraphs.
88. Defendant knew or should have known of the employee's unfitness and/or misconduct.
89. The employee's conduct created a foreseeable risk of harm to Plaintiff.

Complaint for Employment Discrimination (Pro Se)

90. Defendant failed to take appropriate corrective action.
91. Defendant retained the employee despite knowledge of the risk.
92. Plaintiff suffered damages as a result.

## COUNT IX – NEGLIGENT SUPERVISION

93. Plaintiff incorporates all prior paragraphs.
94. Defendant had a duty to properly supervise its employees.
95. Defendant failed to reasonably supervise, train, and/or control its employees.
96. This failure allowed misconduct to occur.
97. Plaintiff suffered damages as a direct result.

## VII. DAMAGES

98. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to:
    a. Economic damages, including lost wages and loss of earning capacity.
    b. Loss of employment-related benefits, including but not limited to loss of health insurance coverage, loss of employer-provided benefits, and depletion of Health Savings Account (HSA) funds.
    c. Financial losses, including depletion of personal savings, depletion of emergency funds, and out-of-pocket expenses.
    d. Emotional and psychological damages, including mental anguish and diagnosed conditions requiring treatment.
    e. Physical damages, including stress-related physical symptoms.
    f. Career-related damages, including reputational harm and loss of employment opportunities.
    g. Punitive damages, as Defendant acted intentionally and/or with reckless disregard for Plaintiff's protected rights.

## VIII. PRAYER FOR RELIEF

99. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:
    a. Back pay, including lost wages and benefits
    b. Front pay and/or reinstatement (if appropriate)
    c. Compensation for loss of earning capacity
    d. Compensation for loss of employment benefits, including health insurance coverage and depletion of Health Savings Account (HSA) funds
    e. Compensation for out-of-pocket expenses, including depletion of personal savings and emergency funds
    f. Compensatory damages for emotional distress, mental anguish, and related harm
    g. Compensation for physical symptoms resulting from Defendant's conduct
    h. Damages for reputational harm and loss of career opportunities
    i. Punitive damages as permitted by law

Complaint for Employment Discrimination (Pro Se)

j.  Pre-judgment and post-judgment interest
k.  Attorney's fees, court costs, and litigation expenses
l.  Any additional relief the Court deems just and proper

## IX. RESERVATION OF RIGHTS

100. Plaintiff reserves the right to amend this Complaint to:
a.  Add parties
b.  Add claims
c.  Add facts
as discovery progresses.

## X. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:
1.  Is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
2.  Is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;
3.  The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
4.  The Complaint otherwise complies with the requirements of Rule 11.

### A. Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: _April 1, 202_

Signature of Plaintiff: _Thomesha Byrd_

Printed Name of Plaintiff: Thomesha Byrd